IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **DOUGHERTY + DESIGN GROUP, INC.,**<br><br>       **Plaintiff,**<br><br>vs.<br><br>**POAG & MCEWEN LIFESTYLE CENTERS, LLC; WOMACK & HAMPTON ARCHITECTS, LLC; and WOOD PARTNERS,**<br><br>       **Defendants.** | Civil Action No. _____<br><br><br><br>**COMPLAINT**<br>**JURY DEMANDED** |

Plaintiff, Dougherty + Design Group, Inc., ("DDG") complaining of Defendants, Poag & McEwen Lifestyle Centers, LLC ("Poag"), Womack & Hampton Architects, LLC ("Womack"), and Wood Partners ("Wood") alleges and asserts the following as claims against Poag, Womack, and Wood:

## JURISDICTION AND VENUE

1. This is a civil action for injunctive relief and for damages in violation of the Copyright Act, 17 U.S.C. § 101 *et seq.* Breach of contract damages and foreclosure of lien are brought as pendent state law claims.

2. This court has jurisdiction over this action under 17 U.S.C. § 501, 28 U.S.C. § 1338, and 28 U.S.C. § 1331. The amount in controversy exceeds $75,000.00. 28 U.S.C. 1332 (a).

3. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), 1391(c), and 1400. This Court may properly exercise personal jurisdiction over the Defendants as the events and actions complained of herein occurred in this judicial district.

## PARTIES

4. DDG is a Georgia corporation with a place of business at 211 Perimeter Center Parkway, Atlanta, Georgia 30346.

5. Based on information and belief, Poag is a company with a place of business at 6410 Poplar Avenue, Memphis, TN 38119.

6. Based on information and belief, Womack is a company with a place of business at 4311 Oak Lawn Avenue, Dallas, Texas 75219.

7. Based on information and belief, Wood is a company with a place of business at 8 Greenway Plaza, Houston, Texas 77046.

## BACKGROUND FACTS

8. DDG is an architectural firm that designs, among other things, retail and mixed-use development projects.

9. Poag is a firm that develops, manages, and leases real estate and property primarily known as "Lifestyle Centers" at various locations across the United States.

10. Womack is an architectural firm that designs housing and buildings.

11. Wood is a housing developer that builds residential housing.

12. One of the real estate projects being developed by Poag and Wood is known as "The Promenade Shoppes at the Spectrum," located in Pearland, Texas (hereinafter "The Promenade").

13. The Promenade was to be a lifestyle/mixed use center that would include a public market, retail shops, a restaurant, a hotel, residential units, and parking.

14. On May 18, 2007, and in response to Poag's request for proposals, DDG submitted a final proposal to provide Poag with Site Planning Services, a Preliminary Design –

Market, a Schematic Design, and a Review of Design Development related to the designing of The Promenade. DDG's Proposal is attached hereto as Exhibit A.

15. DDG's proposal specifically stated that DDG was not to be Architect of Record but that DDG was to be named Design Architect for The Promenade project.

16. Under DDG's proposal, DDG was to provide schematic drawings for The Promenade project.

17. Under DDG's proposal, Poag was to pay DDG a total of $495,000.00 in design and consulting fees as well as reimbursable expenses related to the work. Payments were to be made as work on The Promenade was performed, or expenses were incurred, and then invoiced to Poag.

18. Pursuant to DDG's proposal, DDG was to coordinate and work with Womack as Architect of Record on The Promenade Project.

19. Poag accepted DDG's proposal. DDG began performance, developing the schematic drawings for The Promenade.

20. DDG completed the schematic drawings, submitted them to Poag, and Poag approved and accepted the drawings. Copies of the schematic drawings created by DDG pursuant to its proposal are attached hereto as Exhibit B.

21. During work on the project, DDG invoiced, and Poag paid, a total of $101,080.50 for partial completion of the schematic drawings.

22. During DDG's work on the schematic drawings, Poag and DDG decided jointly that after delivery of the schematic drawings by DDG, the relationship would be terminated and DDG would be relieved of further work under the proposal.

23. On May 30, 2007, DDG forwarded a proposed Project Copyright License to Poag in order to license Poag the designs being created by DDG so that Poag could have other architects use DDG's schematic drawings to do the design development and construction drawings and have builders use DDG's schematic drawings as the basis for construction of The Promenade project. The Project Copyright License is attached hereto as Exhibit C.

24. Poag never signed or returned the Project Copyright License to DDG.

25. After completion, submission, and approval of DDG's schematic drawings, DDG issued a final invoice to Poag of an additional $151,982.00 to reflect a reduced payment for design work performed and expenses incurred during the schematic drawing phase of the proposal.

26. To date, and despite demands by DDG, Poag has failed to pay the final invoice amount, resulting in a total reduced amount of $151,982.00, plus interest and attorneys fees owing to DDG by Poag.

27. On June 14, 2007, the United States Copyright Office issued a Copyright Registration No. VAu-722-084 for the schematic drawings of The Promenade that had been created by DDG. The Copyright Registration is attached hereto as Exhibit D.

28. Upon information and belief, Poag presented the copyrighted drawings of DDG to Womack so that Womack could work on the design development portion of The Promenade project.

29. Upon information and belief, Womack has copied DDG's copyrighted schematic drawings and has used them in developing additional designs and drawings of The Promenade project. One such copy of DDG's copyrighted schematic drawings which has been used by Womack is attached hereto as Exhibit E.

30. Upon information and belief, Wood Partners has begun constructing buildings based on and copied from DDG's copyright schematic drawings.

## COUNT I – VIOLATION OF COPYRIGHT ACT, 17 U.S.C. § 501(a) – COPYRIGHT INFRINGEMENT BY POAG, WOMACK, AND WOOD

31. DDG incorporates the allegations in the foregoing paragraphs 1 through 25 herein as if fully repeated.

32. Poag, without authority and without license, has reproduced and/or distributed substantially similar imitations or counterfeit copies of the copyrighted DDG schematic drawings by copying and/or providing such drawings to Womack for copying.

33. By engaging in the conduct described herein, Poag has violated one or more of the exclusive rights of DDG under 17 U.S.C. §106 and, therefore, has infringed the copyright of DDG, in violation of 17 U.S.C. § 501(a).

34. Womack, without authority and without license, has reproduced and/or distributed substantially similar imitations or counterfeit copies of the copyrighted DDG schematic drawings by copying and/or providing such drawings to Wood and other consultants on the project for copying.

35. By engaging in the conduct described herein, Womack has violated one or more of the exclusive rights of DDG under 17 U.S.C. §106 and, therefore, has infringed the copyright of DDG, in violation of 17 U.S.C. § 501(a).

36. Wood, without authority and without license, has reproduced and/or distributed substantially similar imitations or counterfeit copies of the copyrighted DDG schematic drawings by copying and/or using such drawings to construct buildings therefrom.

37. By engaging in the conduct described herein, Wood has violated one or more of the exclusive rights of DDG under 17 U.S.C. §106 and, therefore, has infringed the copyright of DDG, in violation of 17 U.S.C. § 501(a).

## COUNT II – BREACH OF CONTRACT BY POAG; FORECLOSURE OF LIEN

38. DDG incorporates the allegations in the foregoing paragraphs 1 through 37 herein as if fully repeated.

39. A contract existed between Poag and DDG with respect to DDG's proposal for providing Master Design Architect and Architectural Services related to the designing of The Promenade.

40. Pursuant to that contract, and its subsequent joint termination by Poag and DDG, Poag agreed to pay DDG for the work it performed on creating the schematic drawings for The Promenade, as well as reimbursable expenses related thereto.

41. Poag has, thus far, failed to fully pay DDG for that work or for expenses and, therefore, Poag has breached the contract between DDG and Poag. DDG has fully or substantially performed the contract, as modified by the parties. Poag has accepted the benefits of that performance, but has not paid the balance due of $151,982.00, which sum is now past due and is owing, together with interest and attorneys fees.

42. DDG claims and is in the process of perfecting a lien for the unpaid work under Chapter 53 of the Texas Property Code. DDG requests judicial foreclosure of said lien pursuant to Sec. 53.154 of said Code. DDG requests attorneys fees under Sec. 53.156 of said Code, and under Ch. 38.001 of the Texas Civil Practices and Remedies Code. All conditions precedent to such relief have been performed.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff DDG seeks the following relief:

a) An order finding that the DDG schematic drawings of The Promenade are protected by copyright and that the copyright for those drawings is a valid copyright;

b) An order finding that DDG's copyright in the schematic drawings of The Promenade has been infringed by Poag;

c) An order finding that DDG's copyright in the schematic drawings of The Promenade has been infringed by Womack;

d) An order finding that DDG's copyright in the schematic drawings of The Promenade has been infringed by Wood;

e) An order finding that Poag has breached a contract with DDG and has failed to perform thereunder;

f) An order permanently enjoining and restraining Poag and each of its agents, employees, attorneys, successors, assigns, affiliates, joint venturers, and any persons acting for, with, by, through, or under any of them from manufacturing, producing, sourcing, importing, selling, offering for sale, distributing, advertising, or promoting any drawings, reproductions, designs, or buildings which use DDG's schematic drawings unless such are authorized or licensed by DDG;

g) An order permanently enjoining and restraining Womack and each of its agents, employees, attorneys, successors, assigns, affiliates, joint venturers, and any persons acting for, with, by, through, or under any of them from manufacturing, producing, sourcing, importing, selling, offering for sale, distributing, advertising, or promoting any drawings, reproductions, designs, or buildings which use DDG's schematic drawings unless such are authorized or licensed by DDG;

h) An order permanently enjoining and restraining Wood and each of its agents, employees, attorneys, successors, assigns, affiliates, joint venturers, and any persons acting for, with, by, through, or under any of them from manufacturing, producing, sourcing, importing, selling, offering for sale, distributing, advertising, or promoting any drawings, reproductions, designs, or buildings which use DDG's schematic drawings unless such are authorized or licensed by DDG;

i)      An order impounding or requiring Poag to destroy all drawings, reproductions, designs, or buildings which use DDG's schematic drawings unless such are authorized or licensed by DDG;

j)      An order impounding or requiring Womack to destroy all drawings, reproductions, designs, or buildings which use DDG's schematic drawings unless such are authorized or licensed by DDG;

k)      An order impounding or requiring Wood to destroy all drawings, reproductions, designs, or buildings which use DDG's schematic drawings unless such are authorized or licensed by DDG;

l)      An order that the actions of Poag complained of herein were intentional and/or willful and were undertaken with the knowledge that the schematic drawings of DDG were protected by copyright or were the copyrighted designs of DDG;

m)      An order that the actions of Womack complained of herein were intentional and/or willful and were undertaken with the knowledge that the schematic drawings of DDG were protected by copyright or were the copyrighted designs of DDG;

n)      An order that the actions of Wood complained of herein were intentional and/or willful and were undertaken with the knowledge that the schematic drawings of DDG were protected by copyright or were the copyrighted designs of DDG;

o)      An order that Poag, Womack, and Wood pay, jointly and severally, copyright damages to DDG in an amount to be proven at trial, including, but not limited to, actual damages suffered by DDG, any profits made by the Defendants, and any profits of the Defendants that are attributable to their acts complained of herein or otherwise proven at trial;

p)      An order that Poag pay damages for breach of contract in the full amount of the contract breached by Poag, with interest and attorneys fees, and that writs be issued for foreclosure of DDG's lien rights;

q)      If so elected by DDG, that Poag, Womack, and Wood pay, jointly and severally, under the U.S. Copyright laws, 17 U.S.C. § 501, statutory damages as copyright infringers;

r)      An order that DDG be awarded its costs, disbursements, and attorneys' fees incurred in connection with this action;

s)      An order that the Poag, Womack, and Wood pay, jointly and severally, to DDG an amount equal to three times the amount of profits and/or damages; and

t)    An order awarding all such other relief as the Court deems just and proper, together with such writs as may be requested, enforcing the judgment of this Court.

A JURY TRIAL IS DEMANDED.

DATED the 5th day of September, 2007.

Respectfully submitted,

PORTER & HEDGES, L.L.P.

_____/s/ David D. Peden, Jr._____
David D. Peden, Jr.
State Bar No. 15713500
1000 Main Street, 36th Floor
Houston, Texas 77002
Telephone: (713) 226-6610
Facsimile: (713) 226-6210

**ATTORNEYS FOR PLAINTIFF
DOUGHERTY + DESIGN GROUP, INC.**

Of Counsel:

Neil C. Jones
Nelson Mullins Riley & Scarborough, L.L.P.
Poinsett Plaza
104 South Main Street, Suite 900
Post Office Box 10084 (29603-0084)
Greenville, SC 29601
Phone: (864) 250-2260
Fax: (864) 250-2281